ROBERT E. FLOYD ET AL., PLAINTIFF AND RESPONDENT, *v.*
CITY OF BUTTE, DEFENDANT AND THIRD-PARTY PLAINTIFF
AND APPELLANT, *v.* METRO SANITARY AND STORM SEW-
ER DISTRICT NO. 1 OF SILVER BOW COUNTY, MONTANA,
THIRD-PARTY DEFENDANT AND RESPONDENT.

No. 11349.
Decided April 15, 1968.
439 P.2d 759.

William N. Geagan (argued), Butte, Maurice F. Hennessey,
Butte, for appellant.

Poore, McKenzie, Roth & Robischon, Mark P. Sullivan (argued), Robert J. Holland (argued), Butte, for respondent.

PER CURIAM.

This is an appeal from a judgment entered following an order dismissing a third party complaint for the reason that the complaint did not state grounds on which relief could be granted. The matter arose when an action was brought against the City of Butte, hereafter called City, for damages caused by the city-owned sanitary and storm sewer system. The City settled that suit and now seeks to recover the damages it paid from the Metro Sanitary and Storm Sewer District, hereafter called District.

The District took over the facilities of the City Sanitary and Storm Sewer system as well as those of the City of Walkerville when it came into existence. The damage here complained of took place prior to that time.

The City's claim was based upon an opinion rendered by the county attorney prior to formation of the District. The opinion stated:

"It is further my opinion that the district from and after the date of creation shall be liable for any damages incurred by the said district to property owners or others that are legally incurred by said district.

"It is further my opinion that upon the legal creation of the district the City of Butte, Montana, and the City of Walkerville, Montana, will be completely and forever released from any costs or liabilities in the matter of construction and maintenance in any of the Sanitary and Storm Sewer  *  *  *."

The City contends that the county commissioners sent a letter to the City indicating that when the District came into existence they would abide by the county attorney's opinion. This is alleged to constitute a promise by the District to be liable for damages to property caused by the system prior to the formation of the District.

Assuming, arguendo, that the county attorney's opinion did bind the District, it cannot be construed as promising that the District would be liable for damages occurring prior to its existence. The language in the last paragraph quoted is not that which determines the question. The first paragraph quoted deals specifically with liability for damages to property and thus it controls. That paragraph says that the District will only be liable for damages to property occurring after the District comes into existence.

Since relief cannot be predicated on the county attorney's opinion and on this appeal the City has not stated any other grounds for liability we find no abuse of discretion in the district court's dismissal of the complaint.

The City also asserts that R.C.M.1947, § 16-4418, a validating statute, validates the action of the county commissioners in adopting the county attorney's opinion prior to the formation of the District. Because of what we have said before this question is moot.

The judgment is affirmed.